2022 IL App (2d) 210008
No. 2-21-0008
Opinion filed July 20, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-1729 |
| ARMANDO DELGADO, | ) ) ) | Honorable William J. Parkhurst, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Armando Delgado, appeals from an order of the circuit court of Kane County summarily dismissing his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant argues that he was denied the reasonable assistance of his privately retained postconviction counsel. Specifically, he contends that postconviction counsel failed to allege that defendant's counsel on direct appeal was ineffective for neglecting to argue that the trial court erred in failing to inform defendant at sentencing of his right to elect which sentencing law applied to him. For the reasons that follow, we reverse the dismissal of defendant's postconviction petition and remand the cause for further proceedings under the Act.

¶ 2                                    I. BACKGROUND

¶ 3    On November 7, 2013, defendant was indicted on two counts of attempted first-degree murder, with an enhancement for the personal discharge of a firearm (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2012)). Count I alleged that defendant, with the intent to kill, shot a firearm at Omar Contreras and Alonso Rodriguez. Count II alleged that defendant, with the intent to kill, shot a firearm at Orlando Crespo. (The State dismissed two additional counts before trial.)

¶ 4    A bench trial commenced on June 20, 2016, at which defendant was represented by private counsel, Liam Dixon. The evidence generally established that, on September 13, 2013, then 17-year-old defendant shot a firearm first at Contreras and Rodriguez and then later at Crespo.[1] The trial court found defendant guilty on count I and not guilty on count II.

¶ 5    Defendant filed a posttrial motion in which he asserted that the evidence was insufficient to show that he intended to kill both Contreras and Rodriguez. He also asserted that the court "erred in finding the suggestive show-ups were sufficient to prove the Defendant guilty." The trial court denied the motion.

¶ 6    A sentencing hearing took place on September 7, 2016. The State advised the trial court that defendant faced a minimum sentence of 26 years, commenting that the charge of attempted first-degree murder had a sentencing range of 6 to 30 years in prison and that defendant was also subject to "the statutory 20-year add-on" for personally discharging a firearm. The State argued:

"[T]he way that we have to look at this, Judge, is the fact that 6 to 30 is the sentencing range. 20 years is just a statutory add-on that's going to get added on no matter what this Court gives him in that 6-to-30 range. You still have to take those factors in aggravation,

---

[1]A full recitation of the evidence, which is not necessary for the resolution of this appeal, can be found at *People v. Delgado*, 2018 IL App (2d) 160755-U, ¶¶ 4-23.

those factors in mitigation, and meld them together to come up with an appropriate number in that range between 6 and 30 years."

The State asked for a sentence of 12 years on the attempted murder conviction plus what the State claimed was a mandatory 20-year add-on for personally discharging a firearm, for a total sentence of 32 years. Defense counsel asked for "the minimum of 26 years in the Illinois Department of Corrections [(DOC)]."

¶ 7        In imposing sentence, the trial court stated:

"I think that [the State's] method of doing the math is the proper way to consider a sentence, in that the sentence, attempted murder, can be had in various ways, so I think I need—it's proper to consider a range of penalty for the attempt murder of 6 to 30 first and then consider the add-on thereafter.

Given what I just said, the factors in aggravation and mitigation that may apply or do apply, the number of incidents that occurred that night, your ongoing gang behavior that has persisted even while you're in custody, I don't think 6 years is an appropriate sentence. So the sentence today will be 8 years in the [DOC]. And then based on the finding that a firearm was discharged by you in the commission of this offense, that will include—an additional 20 years will be added on."

¶ 8        Defendant did not file a motion for reconsideration but did file a direct appeal. Still represented by Dixon, defendant argued that the State failed to prove that he either (1) was the gunman or (2) intended to kill both Contreras and Rodriguez. See *People v. Delgado*, 2018 IL App (2d) 160755-U, ¶ 25. We affirmed. *Id.* ¶ 34.

¶ 9 On December 18, 2019, defendant, through new private counsel, David Lewarchik, filed a petition for relief under the Act (725 ILCS 5/122-1 *et seq.* (West 2018)). Under a section titled "Respects in Which Petitioner's Constitutional Rights were Violated," the petition claimed:

"Petitioner was denied Due Process when his counsel failed to challenge the admissibility and constitutionality of a show-up lineup wherein defendant was wearing handcuffs in the backseat of a police car. Petitioner also challenges his sentencing where a mandatory sentence was fashioned when such a sentence was not required under [*sic*][.]"

The next section provided a factual background but indicated that it "comes from the appellate court's Rule 23 and the parties['] briefs on appeal, given that undersigned counsel does not have the complete record and intends on ending this petition as a consequence." The next section, titled "Affidavits, Records, or Other Documents, or Why Not," stated: "[Defendant] has submitted the Illinois Supreme Court Rule 23 decision."

¶ 10 The next section was titled "Memorandum of Law." The first subsection addressed the issue concerning the "suggestive lineup." The second subsection addressed defendant's sentencing claim. It was titled "The Trial Court Imposed an Excessive Sentence where it Failed to Adequately Consider Mr. Jones [*sic*] Youth, Criminal Background, and Rehabilitative Potential." The first paragraph set forth general rules of sentencing law. The second paragraph argued:

"In the present case, the trial court sentenced [*sic*] to a 'mandatory sentence' when, under Section 5/105 [*sic*] of the Illinois Criminal Code, applicable to juveniles, it had the discretion to [do] otherwise. The imposition of an incorrect sentence represents the gist of a constitutional claim and therefore this petition should proceed to a third stage hearing."

No verification affidavit was attached to the petition.

¶ 11    On February 19, 2020, the trial court dismissed the petition as frivolous and patently without merit. The court noted that the "petition is not very clear," pointing to numerous typographical errors and references to incorrect names, dates, and offenses. The court next noted that the petition was not verified by affidavit. Further, defendant neither provided evidentiary support for his claims nor explained its absence—this in itself, the court noted, justified summary dismissal. As for the claims themselves, the court found that they were forfeited or barred by *res judicata*. Concerning the lineup claim, the court noted that, despite citing *Strickland v. Washington*, 466 U.S. 668 (1984), in the petition, defendant did not allege ineffectiveness of trial or appellate counsel. Regarding the sentencing claim, the court stated:

> "There is no well pleaded allegation that the court failed to address these issues in sentencing. The petition only alleges that the trial court was incorrect in its determination of the sentence. *** There is no reason given as to why this claim could not have been made on direct appeal and as such, the issue is waived."

The court further stated:

> "The court assumes that the reference to a 'mandatory sentence' may be a reference to the court imposing a 20-year enhancement to the petitioner's sentence but it is not clear from the petition if that assumption is accurate. Assuming this is a correct interpretation of the petition there is no explanation as to how this violates petitioner's constitutional rights. The petition alleges as a conclusion that, 'the imposition of an incorrect sentence represents the gist of a constitutional claim…' There is no explanation of why this sentence was 'incorrect' or why the issue is not barred by *res judicata* or forfeiture."

¶ 12    On April 21, 2020, defendant, through Lewarchik, filed a "Rule 183 Motion for Leave to file Motion for Reconsideration Instanter." See Ill. S. Ct. R. 183 (eff. Feb. 16, 2011). On December

2, 2020, the trial court granted counsel leave to file the motion for reconsideration. The motion asserted that, shortly before the petition was due, Lewarchik was diagnosed with cancer and had to undergo multiple procedures. An earlier draft of the petition was filed in error, and this accounted for the typos and other careless errors. The motion further argued that "[t]he very liberal standard under the first stage of the Act warrants the advancement of the Petition to the Act's second stage." The argument was limited to whether the petition raised an ineffective-assistance-of-counsel claim for failing to challenge the "suggestive show-up."

¶ 13    The trial court denied the motion for reconsideration. In so doing, the court commented:

"I don't see any place in here where you talk about ineffective assistance of counsel. We all know that when you cite the seminal case on the matter Strictland [*sic*], that's what we are talking about. But there's no—I don't remember any heading in here, any suggestion of it."

And further: "It's ineffective [assistance] of appellate counsel which is nowhere in this writing whatsoever." The court stated, "[T]he request to move it to a second stage is not something that I think I can do on this pleading." In response to further argument by Lewarchik, the court concluded: "I'm looking at the post conviction petition. I just don't see any statement in here that says we've got two layers or even one layer really of ineffective assistance of counsel."

¶ 14    Defendant timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16    Defendant contends that postconviction counsel provided unreasonable assistance by failing to properly raise and support the sentencing claim outlined in the petition. Defendant acknowledges that counsel alluded to a constitutional issue, namely that the trial court incorrectly viewed the 20-year-odd-on as mandatory when, because defendant was a juvenile at the time of

the offense, the add-on was actually discretionary. However, defendant asserts that counsel unreasonably failed to properly frame the issue; counsel should have alleged that defendant's due process rights were violated where he was deprived of his right to elect the statute under which he should have been sentenced. Further, counsel should have alleged that appellate counsel was ineffective for failing to raise the issue on appeal. According to defendant, if postconviction counsel had properly raised the issue, the petition would not have been dismissed. We agree that, if postconviction counsel had alleged that appellate counsel was ineffective for not raising the sentencing issue, the petition would have survived the first stage.[2]

¶ 17    We begin by summarizing the relevant principles governing proceedings under the Act (725 ILCS 5/122-1 *et seq.* (West 2018)). Our supreme court has stated:

---

[2]We clarify that postconviction counsel would not need to frame the underlying sentencing issue as itself one of constitutional dimension if counsel alleged that appellate counsel was ineffective for failing to raise the sentencing issue. The remedial scope of the Act is limited to constitutional violations (*People v. Shaw*, 49 Ill. 2d 309, 311 (1971)), and these include violations of the sixth amendment right to counsel (see *People v. Mack*, 167 Ill. 2d 525, 531 (1995)). Moreover, "[t]he determination of whether or not defendant has received effective assistance of counsel may involve consideration of whether counsel for the defendant has adequately presented certain *nonconstitutional* issues." (Emphasis added.) *People v. Wilk*, 124 Ill. 2d 93, 107 (1988); see also *People v. Pitsonbarger*, 205 Ill. 2d 444, 470 (2002) (claim based on a purely statutory right was addressable in a postconviction proceeding where the defendant alleged that his counsel was ineffective for failing to preserve the statutory right).

"The Act [citation] provides a remedy for incarcerated defendants who have suffered a substantial violation of their constitutional rights at trial. Under the Act, a postconviction proceeding contains three stages. At the first stage, the [trial] court must independently review the postconviction petition, without input from the State, and determine whether it is 'frivolous or is patently without merit.' [Citation.] If the court makes this determination, the court must dismiss the petition in a written order. [Citation.] If the petition is not dismissed, the proceedings move to the second stage. [Citation.]

At the second stage, counsel is appointed to represent the defendant, if he is indigent [citation], and the State is permitted to file responsive pleadings [citation]. The [trial] court must determine at this stage whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. [Citation.] If no such showing is made, the petition is dismissed. If, however, the petition sets forth a substantial showing of a constitutional violation, it is advanced to the third stage, where the [trial] court conducts an evidentiary hearing [citation]." *People v. Johnson*, 2018 IL 122227, ¶¶ 14-15.

¶ 18    Here, defendant's petition was dismissed at stage one of the proceedings. A petition will be dismissed at stage one as frivolous or patently without merit if the petition has no arguable basis in either law or fact, *i.e.*, it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *People v. Hodges*, 234 Ill. 2d 1, 12, 16 (2009). Additionally, a defendant's claim is considered frivolous or patently without merit if it is procedurally barred under either *res judicata* or forfeiture. *People v. Blair*, 215 Ill. 2d 427, 445 (2005). The trial court may also summarily dismiss a petition if the defendant fails to "either attach the necessary 'affidavits, records or other evidence,' or explain their absence" (*People v. Collins*, 202 Ill. 2d 59, 66 (2002) (quoting 725

ILCS 5/122-2 (West 2000))) or if the petition simply alleges "nonfactual and nonspecific assertions that merely amount to conclusions" (*People v. Morris*, 236 Ill. 2d 345, 354 (2010)).

¶ 19    There is no dispute that the trial court's summary dismissal of defendant's petition as frivolous and patently without merit was proper. Indeed, defendant concedes that neither issue raised by postconviction counsel was properly supported and that neither claim stated the gist of a constitutional claim. Instead, defendant argues that postconviction counsel provided unreasonable assistance in failing to shape into proper form the claim regarding defendant's sentence.

¶ 20    Our supreme court has held that privately retained postconviction counsel must provide "a reasonable level of assistance" at the first stage of postconviction proceedings. *Johnson*, 2018 IL 122227, ¶ 23. In *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59, the First District determined that a "*Strickland*-like analysis is the appropriate standard to use for reasonable assistance claims" based on postconviction counsel's failure to raise an allegedly meritorious argument in the initial petition. Under this analysis, the reasonableness of counsel's assistance depends on whether the defendant suffered prejudice from a particular claim not being raised. *Id.* ¶ 61. Thus, the question is not just whether postconviction counsel performed unreasonably in failing to properly raise a claim regarding defendant's sentence, but also whether counsel's failure to do so resulted in prejudice. See *id.* If the potential claim has no merit, defendant cannot obtain postconviction relief on that claim regardless of how postconviction counsel presented it. See *id.* We review *de novo* whether postconviction counsel provided unreasonable assistance. See, *e.g.*, *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 21    In the postconviction petition, counsel claimed:

"In the present case, the trial court sentenced [*sic*] to a 'mandatory sentence' when, under Section 5/105 [*sic*] of the Illinois Criminal Code, applicable to juveniles, it had the

discretion to [do] otherwise. The imposition of an incorrect sentence represents the gist of a constitutional claim and therefore this petition should proceed to a third stage hearing."

¶ 22    In addressing this claim, the trial court "assume[d] that the reference to a 'mandatory sentence' may be a reference to the court imposing a 20-year enhancement to the petitioner's sentence, but it is not clear from the petition if that assumption is accurate." Nevertheless, the court rejected the argument, based on a lack of "explanation of why this sentence was 'incorrect' or why the issue is not barred by *res judicata* or forfeiture."

¶ 23    The State seems to acknowledge that a sentencing error occurred. When defendant committed the offense at issue, section 5-8-1(a)(1)(d)(ii) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(a)(1)(d)(ii) (West 2012)) provided that, "if, during the commission of the offense, the person personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court." During the sentencing hearing, both the State and defense counsel advised the trial court that defendant was subject to a mandatory 20-year add-on for personally discharging a firearm. However, on January 1, 2016, the legislature enacted a new law, codified at section 5-4.5-105 of the Code (Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105)) (not 5/105 as cited by counsel in the petition), which provides a new sentencing scheme for individuals under 18 years of age at the time of the offense. Section 5-4.5-105(b) provides that the trial court "may, in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon *** possession with personal discharge." 730 ILCS 5/5-4.5-105(b) (West 2016). The State agrees that, when defendant was sentenced on September 7, 2016, he could have elected to be sentenced under section 5-4.5-105(b) of the Code. See 5 ILCS 70/4 (West 2016) ("If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment

pronounced after the new law takes effect."); *People v. Reyes*, 2016 IL 119271, ¶ 12. "Where the defendant has a right to make such an election, *** in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, the defendant is denied due process ***." *People v. Gancarz*, 228 Ill. 2d 312, 317 (2008) (citing *People v. Hollins*, 51 Ill. 2d 68 (1972)). Here, there is no dispute that defendant was not admonished of his right to choose under which statute he should be sentenced; indeed, the parties and the court appeared to be unaware of the new statutory provision, as everyone agreed that the 20-year add-on was mandatory.

¶ 24   Although the State acknowledges the validity of the claim, it argues that defendant forfeited it by failing to raise it on direct appeal. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002) (constitutional issues that could have been raised on direct appeal, but were not, are forfeited). Thus, according to the State, postconviction counsel cannot be found unreasonable for failing to raise a meritless claim. However, as the State also acknowledges, postconviction counsel could have "evade[d]" forfeiture by framing the issue as ineffective assistance of appellate counsel. See *People v. Turner*, 187 Ill. 2d 406, 413 (1999) (claims are not barred by forfeiture where postconviction counsel alleges ineffective assistance of appellate counsel for failing to raise the claim in the defendant's direct appeal). Postconviction counsel failed to do so. Thus, defendant contends that postconviction counsel acted unreasonably in failing to allege appellate counsel's ineffectiveness and thus avoiding the procedural bar. According to defendant, had postconviction counsel done so, the trial court would not have dismissed the petition.

¶ 25   In evaluating whether postconviction counsel acted unreasonably in failing to allege appellate counsel's ineffectiveness, we must determine whether that claim had merit. See *Zareski*, 2017 IL App (1st) 150836, ¶ 61. If the ineffective-assistance-of-appellate-counsel claim lacked

merit, postconviction counsel's failure to raise it cannot be deemed unreasonable. See *id.* We thus consider the merits of that claim.

¶ 26    Claims of ineffective assistance of appellate counsel are governed by the two-prong test of *Strickland*, 466 U.S. 668. *People v. Johnson*, 206 Ill. 2d 348, 378 (2002). To succeed on an ineffective-assistance-of-appellate-counsel claim at the first stage of postconviction proceedings, a defendant must establish that it is arguable that (1) his appellate counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for appellate counsel's errors, the appeal would have been successful. *Hodges*, 234 Ill. 2d at 17; *People v. Golden*, 229 Ill. 2d 277, 283 (2008). Normally, appellate counsel's decision regarding what issues to pursue is entitled to substantial deference. *People v. Johnson*, 205 Ill. 2d 381, 406 (2002). "Appellate counsel need not brief every conceivable issue and may refrain from developing nonmeritorious issues without violating *Strickland* [citation], because the defendant suffered no prejudice unless the underlying issue is meritorious [citation]." *Id.* Thus, the prejudice inquiry requires the reviewing court to examine the merits of the claims not raised by appellate counsel. *Id.*

¶ 27    Accordingly, here, in considering whether a claim of ineffective assistance of appellate counsel would have merit, we must consider whether there would have been arguable merit to the underlying issue that appellate counsel failed to raise—that defendant's due process rights were violated when the trial court failed to admonish him about his right to be sentenced under the law as it existed on the date of the offense or as it existed on the date of sentencing. As we noted above, the trial court's failure to inform defendant of his right to a sentencing election violated defendant's due process rights. Thus, it is arguable that appellate counsel's performance fell below an objective standard of reasonableness for failing to raise the issue on direct appeal.

¶ 28    Nevertheless, the State contends that defendant cannot establish that he was prejudiced by appellate counsel's failure to raise the issue on direct appeal. In response to defendant's argument that there was a "reasonable probability" that his appeal would have been successful in obtaining a new sentencing hearing had appellate counsel raised the sentencing issue, the State asserts: "However, that does not mean the outcome of the sentencing hearing would have been different." The State points to the fact that the 28-year sentence was within the 6-to-30-year sentencing range for attempted murder and argues that the evidence presented at the sentencing hearing supported that sentence. According to the State, defendant can only speculate that the result of a new sentencing hearing would have resulted in a different sentence.

¶ 29    In his reply brief, defendant contends that he does not have to show that the outcome of a new sentencing hearing would have been different to show that he was prejudiced by postconviction counsel's failure to properly raise the sentencing claim. Relying on *Johnson*, 2018 IL 122227, defendant argues that he need show only that the ineffective-assistance-of-appellate-counsel claim would have withstood first-stage scrutiny, *i.e.*, that it is arguable that (1) a reasonably competent appellate counsel would have raised the sentencing issue and, (2) had the claim been raised, the appeal would have been successful. We agree.

¶ 30    In *Johnson*, 2018 IL 122227, after the trial court summarily dismissed the defendant's initial postconviction petition, which was filed with the assistance of privately retained counsel, the defendant filed a *pro se* motion to reconsider the dismissal of the petition and to allow for its supplement. *Id.* ¶ 6. In the motion, the defendant alleged that postconviction counsel failed to include several claims that the defendant requested be made a part of the petition, including claims of ineffective assistance of trial and appellate counsel. *Id.* The trial court found that the defendant forfeited those claims in the motion to reconsider, because they were not raised in the initial

petition. *Id.* ¶ 8. The appellate court affirmed, finding that the defendant was not entitled to reasonable assistance at the first stage of proceedings under the Act. *Id.* ¶ 10.

¶ 31 The supreme court reversed. After determining that a defendant is entitled to the reasonable assistance of postconviction counsel at the first stage of proceedings, the court remanded the matter to the trial court with instructions that the court determine whether any of the unraised claims in the *pro se* motion were frivolous or patently without merit and whether postconviction counsel was aware of the claims and refused to include them. *Id.* ¶ 24. The supreme court further instructed that, if the claims in the supplemental motion were frivolous and patently without merit, then counsel's failure to include those claims would not amount to a denial of reasonable assistance of counsel. *Id.* If, however, one or more of the claims would withstand first-stage scrutiny and postconviction counsel was aware of such claims and refused to include them, then the defendant should be permitted to amend his petition and proceed to the second stage of postconviction proceedings. *Id.*

¶ 32 Thus, based on *Johnson*, the question is whether an ineffective-assistance-of-appellate-counsel claim would have withstood first-stage scrutiny had it been raised by postconviction counsel. Although defendant's argument here differs slightly from the argument raised in *Johnson*—in that defendant is alleging not that postconviction counsel refused to raise a claim but, rather, that counsel failed to raise a claim properly—it is a distinction without a difference. Postconviction counsel alluded to the sentencing claim in the petition. However, the trial court dismissed the petition because counsel failed to (1) frame the issue as a claim of constitutional deprivation, (2) allege a claim of ineffective assistance of counsel to avoid forfeiture, and (3) provide any evidentiary support for the claims he did raise. If postconviction counsel can be

deemed unreasonable for refusing to include a nonfrivolous claim, as in *Johnson*, it follows that counsel can be deemed unreasonable for failing to properly allege a nonfrivolous claim.

¶ 33    As noted above, given the merits of the sentencing issue, it is arguable that appellate counsel's failure to raise the issue on appeal fell below an objective standard of reasonableness. It is also arguable that, had appellate counsel raised the issue, the appeal would have been successful. To the extent the State contends that it is not arguable that defendant would have been granted a new sentencing hearing, because defendant can only speculate that his sentence on remand would be different, we disagree. The record makes clear that, at sentencing, the parties and the trial court operated under the assumption that defendant was subject to a mandatory 20-year add-on and that, as a result, he faced a minimum sentence of 26 years in prison. The State encouraged the court to treat the sentence for attempted murder separately from the mandatory 20-year statutory add-on. In imposing sentence, the trial court agreed with the State's "method of doing the math" and stated that "it's proper to consider a range of penalty for the attempt murder of 6 to 30 first and then consider the add-on thereafter." After considering the relevant factors, the court found that a sentence of eight years—two years above the minimum for attempted first-degree murder—was an appropriate sentence. It then found that, "based on the finding that a firearm was discharged by you in the commission of this offense, that will include—an additional 20 years will be added on." Given that the trial court, when operating under the erroneous belief that defendant faced a mandatory 26-year minimum sentence, imposed a sentence just two years above the minimum, it is at least arguable that, had the court been aware that it could have properly sentenced defendant within a 6-to-30-year range, it would have imposed a sentence lower than 28 years. Thus, it is at least arguable that, had appellate counsel raised the issue, the appeal would have been successful.

¶ 34    Based on the foregoing, we hold that postconviction counsel performed unreasonably by failing to claim that appellate counsel was ineffective for neglecting to raise the sentencing issue. Had postconviction counsel properly presented this claim, the petition would not have been summarily dismissed. Accordingly, we reverse the summary dismissal of defendant's petition and remand for further proceedings. On remand, defendant should be permitted to amend his petition to include the ineffectiveness claim and proceed to the second stage of postconviction proceedings. See *Johnson*, 2018 IL 122227, ¶ 24.

¶ 35                                    III. CONCLUSION

¶ 36    For the reasons stated, we reverse the dismissal of defendant's postconviction petition and remand the cause for further proceedings under the Act.

¶ 37    Reversed and remanded.

2022 IL App (2d) 210008

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 13-CF-1729; the Hon. William J. Parkhurst, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Jaime L. Montgomery, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |