NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 221007-U

NO. 4-22-1007

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MICHAEL D. HARDIN, | ) | No. 07CF4590 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held:* The appellate court affirmed, concluding postconviction counsel complied with his
obligations under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2    On October 24, 2013, defendant, Michael D. Hardin, filed a *pro se* postconviction
petition alleging his constitutional rights were violated in numerous ways. The trial court, after
reviewing defendant's petition, found it stated the gist of a constitutional claim and appointed
counsel to represent him. Thereafter, postconviction counsel filed a supplemental petition which
incorporated but did not amend defendant's claims. The State filed a motion to dismiss, which the
court granted. Defendant timely appealed, arguing postconviction counsel provided unreasonable
assistance because postconviction counsel failed to amend defendant's *pro se* claims "to provide
factual basis and documentary support" necessary to avoid dismissal. We affirm.

¶ 3                                I. BACKGROUND

¶ 4 In February 2010, defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(2) (West 2006)) (count I) and aggravated battery with a firearm (*id.* § 12-4.2(a)(1)) (count II). The trial court sentenced defendant to 35 years in prison on count I, plus a 25-year firearm enhancement (See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2012)) and 15 years in prison on count II, plus a 25-year firearm enhancement (*id.*), for an aggregate 100 years in prison. On direct appeal, the Second District affirmed defendant's convictions but vacated the 25-year firearm enhancement imposed on count II. See *People v. Hardin*, No. 2-11-1323 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)). As such, we include only those facts necessary to address the issues presented to this court.

¶ 5 Defendant filed a *pro se* postconviction petition in October 2013, alleging his constitutional rights were violated in the following ways, (1) he was convicted and sentenced for "unconstitutional charges;" (2) trial counsel, posttrial counsel, and appellate counsel provided ineffective assistance when each of them allowed him to be incarcerated for "unconstitutional charges;" (3) the State committed a *Brady* violation (See *Brady v. Maryland*, 373 U.S. 83 (1963)) when it failed to discover and disclose the original surveillance video from the night of the incident; (4) trial counsel provided ineffective assistance by failing to file a *Brady* motion, failing to hire an expert witness to challenge the validity of the surveillance video presented by the State, failing to impeach one of the victims, Bryon Sturdivant, at trial, failing to file a motion to dismiss based on speedy trial violations, and allowing defendant's sentence to be improperly enhanced by a firearm enhancement which did not apply; (5) posttrial counsel provided ineffective assistance for failing to argue defendant's right to a speedy trial was violated and allowing defendant's sentence to be improperly enhanced by a firearm enhancement which did not apply; and (6) appellate counsel provided ineffective assistance by failing to raise the foregoing issues on appeal. The sole exhibit

attached to defendant's petition was a copy of section 5-5-1 of the Unified Code of Corrections (730 ILCS 5/5-5-1 (West 2012)) with handwritten notes on the page.

¶ 6 The trial court, after reviewing defendant's *pro se* petition, found it stated the gist of a constitutional claim and appointed counsel to represent him.

¶ 7 After numerous continuances, postconviction counsel filed a supplemental petition and an Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate in March 2021. Counsel's supplemental petition incorporated, but did not amend, all allegations set forth in defendant's *pro se* petition. In addition, the supplemental petition raised an additional four claims: (1) defendant's convictions and sentences violated the one-act, one-crime doctrine, (2) defendant's consecutive sentences were unconstitutional, (3) defendant's aggregate sentence violated the proportionate penalties clause, and (4) appellate counsel provided ineffective assistance for failing to raise the foregoing issues on appeal. Counsel's Rule 651(c) certificate stated:

"1. I have consulted with the petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights; and

2. I have examined the record of the proceedings at the trial or plea of guilty, including (a) the common law record; and/or (b) the reports of the proceedings; and/or (c) the trial exhibits, and

3. I have made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions; and

4. To the extent that the petition or amended petition is based on facts that do not appear of record, I have attached any affidavits and/or evidentiary support necessary for and adequate presentation of petitioner's contentions."

The State filed a motion to dismiss.

¶ 8        In November 2021, the trial court held a hearing on the State's motion to dismiss. Before beginning his argument against dismissal, postconviction counsel stated, "I want to point out again that [defendant's] *pro se* petition I adopted at his insistence. That was in order to move the case along. But I do agree that the arguments that he made in his petition, some did have merit." Counsel never specified which arguments "have merit." Later in his argument, counsel again referenced the claims in defendant's *pro se* petition:

> "As far as his *pro se* petition goes, I think [defendant] did a good job of raising and explaining his different arguments in the petition. As I said earlier, [defendant] asked me to adopt this, which I eventually did, but I don't think that there's anything that I could add to his arguments that would make them any more—that would make them any more—trying to find the right word for it—I guess make it any more relevant to the Court's decision.
>
> So as far as his *pro se* conviction petition, I'm standing on the arguments that [defendant] raises in that and his explanations for them."

¶ 9        Following the parties' arguments, the trial court granted the State's motion to dismiss. With respect to the claim at issue in this appeal that trial counsel was ineffective for failing to impeach one of the victims, Bryon Sturdivant, at trial, the court found the claim was "a mere assertion *** without any further description of the subject or subjects about which Mr. Sturdivant should have been impeached" and thus could not survive a motion to dismiss.

¶ 10       This timely appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12       On appeal, defendant contends postconviction counsel provided unreasonable

- 4 -

assistance by adopting defendant's *pro se* claims without any necessary amendments. Defendant argues Rule 651(c) required postconviction counsel to amend defendant's *pro se* claims "to adequately shape and support, and present to the court [defendant's] claim of ineffective assistance of trial counsel for failing to properly impeach Sturdivant." The State responds defendant has failed to rebut the presumption of reasonable assistance created by postconviction counsel's Rule 651(c) certificate. For the reasons that follow, we agree with the State and affirm.

¶ 13                    A. Right to Counsel in Postconviction Proceedings

¶ 14            Proceedings brought under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) have three distinct stages. *People v. Allen*, 2015 IL 113135, ¶ 21. "At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation or is either frivolous or patently without merit." *People v. Bailey*, 2017 IL 121450, ¶ 18. If, after review, the court determines the petition states the gist of a constitutional claim, it shall advance the petition to second stage proceedings. *People v. Greer*, 212 Ill. 2d 192, 204 (2004). "At the second stage, counsel may be appointed to an indigent defendant and the State may file a motion to dismiss or an answer to the petition." *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 15            "Once counsel is appointed for an indigent defendant, he or she is entitled only to the level of assistance guaranteed by the [Post-Conviction Hearing] Act." (Emphasis omitted.) *Greer*, 212 Ill. 2d at 203. The Illinois Supreme Court "has determined that to be a 'reasonable' level of assistance." *People v. McNeal*, 194 Ill. 2d 135 (2000). "Toward that end, Supreme Court Rule 651(c) sets out certain requirements that counsel must fulfill in representing post-conviction petitioners." *Id.*

¶ 16                    B. Compliance with Rule 651(c)

¶ 17          Pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), postconviction counsel must file a certificate stating:

> "[He or she] has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

Once counsel files a certification stating he or she has complied with the duties outlined in Rule 651(c), there is "a rebuttable presumption that counsel provided the petitioner with a reasonable level of assistance, absent an affirmative showing in the record." *People v. Urzua*, 2023 IL 127789, ¶ 54.

¶ 18          If a defendant contends counsel did not comply with Rule 651(c) even though a certificate was filed, "[t]he defendant bears the burden of *** showing that postconviction counsel did not substantially comply with the strictures of the rule." *People v. Addison*, 2023 IL 127119, ¶ 21. One of the ways a defendant may meet this burden is by "demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition." *Id.* This court reviews whether an attorney sufficiently complied with Rule 651(c) *de novo*. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15.

¶ 19                              C. This Case

¶ 20          In this case, postconviction counsel filed a Rule 651(c) certificate, stating, *inter alia*, he "made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions" and "attached any affidavits and/or evidentiary support necessary for an adequate presentation of petitioner's contentions." Defendant does not dispute

counsel filed a Rule 651(c) certificate or claim counsel's certificate is invalid. Therefore, a rebuttable presumption exists that counsel provided defendant reasonable assistance. *Urzua*, 2023 IL 127789, ¶ 54.

¶ 21 Defendant argues the record contradicts postconviction counsel's representations in the Rule 651(c) certificate. Specifically, defendant contends counsel "failed to provide any affidavit or documentary evidence to substantiate that Sturdivant made any alleged prior inconsistent statements that trial counsel failed to use to cross-examine Sturdivant at trial." However, as the State correctly points out, "[d]efendant cites nothing in the record that shows that his appointed postconviction counsel could have amended the *pro se* petition to attach evidence that Sturdivant actually made prior inconsistent statements with which he was not impeached at trial." Moreover, postconviction counsel made an assertion on the record that "[he did not] think that there's anything that [he] could add to [defendant's] arguments that would make them any more *** relevant to the Court's decision." This is not a case where the record is silent as to what decisions postconviction counsel made with respect to defendant's *pro se* petition. Postconviction counsel specifically stated he adopted defendant's petition at defendant's insistence and while he felt some of the arguments had merit, there were no amendments he needed to make to properly present the issues to the trial court.

¶ 22 It is well settled that "[f]ulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf." *Greer*, 212 Ill. 2d at 205. An argument is frivolous if it "simply alleges nonfactual and nonspecific assertions that merely amount to conclusions." (Internal quotation marks omitted.) *People v. Delgado*, 2022 IL App (2d) 210008, ¶ 18. Further, in cases where counsel files a Rule 651(c) certificate, "[a] court may reasonably presume postconviction counsel made a concerted effort to

obtain evidence in support of postconviction claims, but was unsuccessful." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27. Defendant has pointed to nothing in the record to rebut this reasonable presumption.

¶ 23        Instead of pointing to specific facts to rebut the presumption of postconviction counsel's reasonable assistance, defendant relies on *Urzua*, 2023 IL 127789, stating, "[I]f postconviction counsel believed that the failure-to-impeach claim had no merit, he should have filed an amended petition withdrawing the claim." Defendant's reliance on *Urzua* is misplaced. In *Urzua*, the Illinois Supreme Court stated, "[U]nder *Greer*, postconviction counsel is ethically obligated to withdraw if he or she believes *there are no meritorious issues*." (Emphasis added.) *Id*. ¶ 37. In this case, postconviction counsel noted "some of" defendant's claims had merit. This was not a situation in which counsel did not believe any of defendant's claims had merit. Instead, counsel believed some of defendant's claims had merit and chose to incorporate all of defendant's claims into his supplemental petition.

¶ 24        Furthermore, counsel in *Urzua* made an affirmative misstatement on the record about the requirements of a postconviction petition. Based on this, the court held, "retained counsel's failure to amend the petition or the attached unnotarized statement *and* counsel's misstatement of the Act's affidavit requirements during argument on the State's motion to dismiss clearly rebutted retained counsel's Rule 651(c) certificate's presumption of reasonable assistance." (Emphasis added.) *Id*. ¶ 64. It was the combination of counsel's failure to amend and counsel's misunderstanding of the requirements of the Act which rebutted counsel's presumption of reasonable assistance. In this case, there was no misstatement of the requirements by postconviction counsel. For those reasons, *Urzua* is distinguishable from defendant's case.

¶ 25        Defendant also relies on *People v. Turner*, 187 Ill. 2d 406 (1999), to support his

argument postconviction counsel did not provide reasonable assistance because he failed to amend defendant's claim. However, *Turner* is clearly distinguishable from this case. First, it is not clear counsel in *Turner* filed a Rule 651(c) certificate. As discussed above, the filing of a Rule 651(c) certificate provides a rebuttable presumption that counsel provided reasonable assistance. In this case, a rebuttable presumption exists, and it is defendant's burden to overcome it. Further, counsel in *Turner* did not file a supplemental petition and simply stood on the defendant's *pro se* petition. *Id*. at 409. In doing so, counsel failed to include multiple potentially meritorious claims, such as a claim of ineffective assistance of appellate counsel for failing to raise issues on appeal. *Id*. at 412-13. While the court in *Turner* did note counsel failed to make necessary amendments and provide evidentiary support for the petition, it was the totality of the circumstances that gave rise to the determination counsel provided unreasonable assistance. *Id*. at 412-14. Here, defendant presents nothing more than a singular argument, without support, counsel should have amended his *pro se* claim of ineffective assistance of counsel.

¶ 26 Because defendant has pointed to nothing which rebuts the presumption of postconviction counsel's reasonable assistance, we conclude postconviction counsel strictly complied with Rule 651(c) and provided reasonable assistance.

¶ 27                                  III. CONCLUSION

¶ 28        For the reasons stated, we affirm the judgment of the trial court.

¶ 29        Affirmed.