2024 IL App (2d) 220348
No. 2-22-0348
Opinion filed February 14, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-575 |
| RICHARD JANUSZ, | ) ) | Honorable Philip G. Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1　At issue in this appeal is whether defendant, Richard Janusz, received unreasonable assistance of his retained postconviction counsel because counsel labored under an actual conflict of interest at the first stage of the proceedings. For the following reasons, we agree with defendant that he received unreasonable assistance of postconviction counsel.

¶ 2　　　　　　　　　　　I. BACKGROUND

¶ 3　　　　　　　　　A. Trial Court Proceedings

¶ 4　On October 6, 2014, a grand jury indicted defendant on a total of 30 counts: 26 for predatory criminal sexual assault of a child in violation of section 11-1.40(a)(1) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-1.40(a)(1) (West 2014)) and 4 for the manufacture

of child pornography (*id.* § 11-20.1(a)(1)(i), (vii)). Following the indictment, defendant retained private counsel, who entered an appearance on November 4, 2014, and the court discharged defendant's appointed counsel.

¶ 5     The case was continued multiple times at defendant's request: January 22, 2015 (for defense counsel to review discovery); March 12, 2015 (for defense counsel to review evidence in the possession of the police department); April 23, 2015 (following receipt of disclosures from the State); July 14, 2015 (after retaining an expert); August 24, 2015 (based on defendant's divorce trial set in September); October 15, 2015 (awaiting the ruling on defendant's divorce case); December 3, 2015 (following the resolution of defendant's divorce case and the release of marital funds); January 4, 2016 (to acquire experts); and March 3, 2016 (waiting to hear from retained experts). Defendant was not arraigned until April 21, 2016.

¶ 6     Following defendant's arraignment, trial counsel requested additional discovery, and the case was continued upon that request. In July 2016, the trial court stated that the case was getting old and that the parties needed to go to trial or agree to a plea. Trial counsel responded that the defense was still waiting on a hired expert, and counsel asked for a continuance. The delay was due to defendant's divorce case, which had frozen the money needed to retain the expert. The trial court granted the continuance and several more, taking the case into 2017.

¶ 7     On October 12, 2017, defendant moved to dismiss the case on speedy-trial grounds. He argued, in part, that the 630-day delay in his arraignment was attributable to the State. Defendant amended the motion twice, specifying continuances that he argued were attributable to the State. On February 1, 2018, the trial court denied the third amended motion to dismiss.

¶ 8    Defendant was subsequently tried by jury and convicted of 11 counts of predatory criminal sexual assault of a child and 4 counts of manufacturing child pornography. He was sentenced to 101 years' incarceration.

¶ 9    Following the jury verdict, trial counsel withdrew and defendant retained substitute counsel (hereafter, postconviction counsel), who entered an appearance on July 13, 2018, and represented defendant for the remainder of the trial court proceedings, on direct appeal, and in postconviction proceedings. On July 30, 2018, through postconviction counsel, defendant moved for a new trial and/or judgment notwithstanding the verdict, arguing that the trial court erred in denying his motion to dismiss based on a speedy-trial violation and that he received ineffective assistance of trial counsel when trial counsel failed to submit instructions on the lesser included offense of aggravated criminal sexual abuse. The trial court denied the motion.

¶ 10                              B. Direct Appeal

¶ 11    On direct appeal, defendant was still represented by postconviction counsel, who raised two arguments: (1) the trial court erred in denying his motion to dismiss based on a speedy-trial violation because his arraignment did not occur within the 120-day statutory period (see 725 ILCS 5/103-5(a) (West 2016)) and (2) the trial court erred in denying his motion for a new trial based on trial counsel's ineffectiveness in failing to seek an instruction on the lesser included offense of aggravated criminal sexual abuse. *People v. Janusz*, 2020 IL App (2d) 190017, ¶ 49. We rejected both arguments and affirmed. *Id.* ¶¶ 62, 75, 77.

¶ 12    In rejecting defendant's speedy-trial argument, we reasoned that section 103-5(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(a) (West 2016)) required his *trial*, not his *arraignment*, to occur within the speedy-trial statute's 120-day time frame. *Janusz*, 2020 IL App (2d) 190017, ¶ 59. Furthermore, we reasoned that the only challenged delay in defendant's trial,

namely the delay in his arraignment, could be considered occasioned by him and that thus the trial court properly concluded that the many continuances prior to defendant's arraignment were delays occasioned by defendant. *Id.* ¶¶ 58, 59 n.3, 61.

¶ 13    In rejecting defendant's argument for a new trial based on ineffective assistance of trial counsel, we reasoned that there was no reasonable probability that the jury would have convicted defendant of the lesser included offense of aggravated criminal sexual abuse instead of predatory criminal sexual assault of a child. *Id.* ¶¶ 70, 75.

¶ 14                            C. Postconviction Proceedings

¶ 15    Again, through postconviction counsel, defendant petitioned for postconviction relief on March 9, 2022. The petition raised two constitutional claims: (1) trial counsel was ineffective for failing to demand trial during the 630-day period between defendant's arrest and his arraignment and (2) trial counsel was ineffective for filing a frivolous *Franks* motion (see *Franks v. Delaware*, 438 U.S. 154 (1978)) on February 23, 2017, instead of demanding trial at defendant's request. On May 9, 2022, defendant filed an amended petition alleging the same two claims.

¶ 16    On July 20, 2022, the trial court dismissed the postconviction petition at the first stage of postconviction proceedings. Regarding the speedy-trial argument, the trial court explained that the appellate court had already rejected the argument that the delay between defendant's arrest and his arraignment was not occasioned by him. The trial court also stated that the issues raised in the petition that had already been raised and decided on direct appeal were barred by *res judicata* and that those that could have been raised were forfeited. It therefore found defendant's claims frivolous and patently without merit.

¶ 17    This timely appeal followed.

¶ 18                                II. ANALYSIS

¶ 19 Defendant raises one issue on appeal: whether he received reasonable assistance of postconviction counsel. He argues that he did not receive reasonable assistance because postconviction counsel labored under an actual conflict of interest owing to counsel's former representation of defendant on direct appeal. He contends that postconviction counsel raised issues in defendant's postconviction petition that relied on the record on appeal and could have been litigated on direct appeal, but were not; to avoid a procedural bar, counsel would have been required to plead his own ineffectiveness as appellate counsel.

¶ 20 The State responds first that defendant has forfeited review of his postconviction petition claims because, as defendant admits, postconviction counsel should have raised those issues on direct appeal but did not. The State continues that, even if defendant has not forfeited his postconviction claims, the claims fail on the merits. Finally, the State contends that defendant has failed to establish unreasonable assistance of postconviction counsel because defendant fails to establish a conflict of interest. For the following reasons, we agree with defendant that he received unreasonable assistance of postconviction counsel due to counsel laboring under an actual conflict of interest.

¶ 21 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a statutory remedy for criminal defendants who claim a violation of their constitutional rights. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act establishes a three-stage process for adjudicating postconviction petitions. *People v. Shipp*, 2015 IL App (2d) 131309, ¶ 6. At the first stage, the trial court independently reviews the petition to determine whether the petition is frivolous or patently without merit; a petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis in fact or law. *People v. Tate*, 2012 IL

112214, ¶ 9. At this stage, the State is not involved. *Id.* If the trial court does not dismiss the petition, it advances to the second stage. *Id.* ¶ 10.

¶ 22 A defendant does not have a constitutional right to the assistance of counsel at a postconviction proceeding. *People v. Moore*, 189 Ill. 2d 521, 541 (2000). Thus, defendants are guaranteed only the level of assistance provided by the Act. *People v. Johnson*, 2018 IL 122227, ¶ 16. Illinois courts have long held that defendants are entitled to the reasonable assistance of postconviction counsel at the second and third stages of postconviction proceedings, and the right to reasonable assistance is not limited to appointed counsel. *Id.* Our supreme court has held that a defendant who retains a private attorney at the first stage of postconviction proceedings is also entitled to the reasonable assistance of postconviction counsel. *Id.* ¶¶ 1, 23.

¶ 23 The right to the reasonable assistance of postconviction counsel includes the correlative right of conflict-free representation. *People v. Hardin*, 217 Ill. 2d 289, 300 (2005). Conflict-free representation is representation by counsel whose allegiance to the client is undiluted by conflicting interests or obligations. *People v. Zirko*, 2021 IL App (1st) 162956, ¶ 18.

¶ 24 There are two categories of conflicts of interest: *per se* and actual. *Id.* ¶ 19. When there is a *per se* conflict of interest, the defendant does not need to show that counsel's performance was affected by the conflict, because prejudice is presumed. *Id.* Defendant here does not raise a *per se* conflict of interest but argues only an actual conflict.

¶ 25 To show an actual conflict of interest, the defendant must show some specific defect in counsel's strategy, tactics, or decision making attributable to the alleged conflict; mere speculative allegations or conclusory statements will not suffice. *Id.* ¶ 22. Contrary to the State's argument that defendant's petition fails on the merits, the prejudice required in the context of an actual conflict-of-interest claim—that is, a specific defect attributable to the alleged conflict—is not the

same type of outcome-centric prejudice as in a typical ineffective-assistance claim or an unreasonable-assistance-of-postconviction-counsel claim. See, *e.g.*, *People v. Taylor*, 237 Ill. 2d 356, 375-76 (2010) (to show an actual conflict of interest at trial, "[c]ertainly, the defendant is not required to prove prejudice in that the conflict contributed to his or her conviction"); *People v. Salamie*, 2023 IL App (2d) 220312, ¶ 56 (explaining that a conflict-of-interest claim is a specific form of an ineffective-assistance claim and that prejudice in an actual conflict-of-interest claim does not require a showing that the outcome of a proceeding was affected); *cf. People v. Delgado*, 2022 IL App (2d) 210008, ¶ 25 (examining the merits of the forfeited claim where the defendant alleged unreasonable assistance of postconviction counsel but not a conflict of interest). But see *People v. Zareski*, 2017 IL App (1st) 150836, ¶¶ 40-42 (acknowledging the different meaning of "prejudice" in a conflict-of-interest claim but then finding no conflict because the forfeited claim, if raised, would not have been successful on direct appeal). While we recognize that much of the case law on actual conflicts of interest does not involve postconviction counsel laboring under an actual conflict of interest, our supreme court requires that postconviction counsel be as conflict-free as trial counsel when shaping a defendant's postconviction claims. *Hardin*, 217 Ill. 2d at 300.

¶ 26     Here, defendant's postconviction petition was dismissed at the first stage of postconviction proceedings. Defendant was represented by postconviction counsel at the first stage-and thus was entitled to the reasonable assistance of counsel, including counsel free from an actual conflict of interest. The two claims that postconviction counsel raised in the postconviction petition were that defendant's trial counsel was ineffective for failing to demand trial either (1) before defendant's arraignment or (2) specifically upon defendant's request after his arraignment. The petition argues that the failure to demand trial was unreasonable because, among other reasons, a demand would have likely resulted in the case being dismissed on speedy-trial grounds. Postconviction counsel

did not raise these claims on direct appeal. Instead, on direct appeal, he raised (1) a violation of defendant's statutory speedy-trial rights based on his delayed arraignment, which counsel argued was not attributable to him, and (2) ineffective assistance of trial counsel based on trial counsel's failure to submit instructions on a lesser included offense. *Janusz*, 2020 IL App (2d) 190017, ¶ 49.

¶ 27 We agree with the State that postconviction counsel could have raised these claims on direct appeal, as they were available from facts in the record, alleging simply that trial counsel failed to demand trial at certain times prior to defendant's trial. See *People v. Blair*, 215 Ill. 2d 427, 454-55 (2005) (finding forfeiture where the facts regarding the defendant's claims were already in the record). Thus, the claims were properly barred by forfeiture. See *People v. Munz*, 2021 IL App (2d) 180873, ¶ 28 ("*Res judicata* bars the consideration of issues that were previously raised and decided on direct appeal, whereas forfeiture bars any claims that could have been raised on direct appeal but were not.").

¶ 28 Nevertheless, our inquiry does not end at our determination of forfeiture. Rather, defendant's argument is premised on his postconviction counsel's failure to avoid forfeiture because he was operating under an actual conflict of interest. When a postconviction petitioner, such as defendant, is asserting claims that could have been raised on direct appeal, the procedural bar of forfeiture can be avoided by framing the claims to allege ineffective assistance of appellate counsel for failure to raise the issue on direct appeal. *People v. Addison*, 2023 IL 127119, ¶ 23. The failure of postconviction counsel to avoid forfeiture by pleading ineffective assistance of appellate counsel is a specific defect that itself may amount to unreasonable assistance. See *id* ¶ 24 (postconviction counsel "made the *pro se* petition worse by amending it" to remove claims of ineffective assistance of appellate counsel); *People v. Turner*, 187 Ill. 2d 406, 413-14 (1999) (postconviction counsel provided unreasonable assistance where, among other things, counsel

failed to avoid forfeiture by alleging ineffective assistance of appellate counsel for failure to raise petitioner's claims on direct appeal); *Delgado*, 2022 IL App (2d) 210008, ¶ 24 (explaining that postconviction counsel could have evaded forfeiture by framing the issue as ineffective assistance of appellate counsel).

¶ 29    At the second stage of postconviction proceedings, counsel clearly has a duty to shape a defendant's petition so as to avoid a procedural bar. *Addison*, 2023 IL 127119, ¶ 27. We see no reason why we should not expect that same level of representation from retained counsel at the first stage, given our supreme court's holding that privately retained attorneys owe defendants a reasonable level of assistance at that stage (*Johnson*, 2018 IL 122227, ¶ 23) and in light of counsel's fundamental duty, when appointed at the second stage, to shape a defendant's claims into legally cognizable form (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)).

¶ 30    Accordingly, postconviction counsel's failure to allege ineffective assistance of appellate counsel amounted to a specific defect in his representation of defendant. The pertinent question is now whether this specific defect in the postconviction petition was attributable to counsel's alleged conflict of having to plead his own ineffectiveness on direct appeal. We find that the defect was attributable to the conflict.

¶ 31    At the first stage of postconviction proceedings, there are no hearings, no arguments, and no introduction of evidence—only a pleading, which the trial court independently considers. *Johnson*, 2018 IL 122227, ¶ 21. Postconviction counsel's failure to assert his own ineffectiveness on direct appeal, which is all he had to do to survive forfeiture at the first stage, clearly falls below the general requirement that, if counsel raises his own ineffectiveness, he must zealously argue his own ineffectiveness. See *Zirko*, 2021 IL App (1st) 162956, ¶ 25. Our supreme court has described pleading ineffective assistance to avoid forfeiture as a "routine amendment" (*Turner*, 187 Ill. 2d

at 414), and defendant's petition here lacks this routine assertion. In light of the limited context of first-stage proceedings and the recognized reticence to argue one's own ineffectiveness, we conclude that the defect in defendant's first-stage petition was attributable to postconviction counsel's conflict in arguing his own ineffectiveness on direct appeal. See *Zirko*, 2021 IL App (1st) 162956, ¶¶ 25-26 (finding that postconviction counsel had an actual conflict of interest and explaining the difficulty in arguing one's own ineffectiveness, as it "goes against human nature and rational behavior" for counsel to argue that he or she inadequately represented the client).

¶ 32    Having found a specific defect attributable to postconviction counsel's conflict, we vacate the trial court's order dismissing defendant's petition and remand to allow defendant to replead his petition, either *pro se* or through different postconviction counsel.[1] We express no opinion on the merits of defendant's dismissed claims.

¶ 33                              III. CONCLUSION

¶ 34    For the reasons stated, we vacate the De Kalb County circuit court's order dismissing defendant's postconviction petition at the first stage, and we remand for further proceedings consistent with this disposition.

¶ 35    Order vacated; cause remanded.

---

[1]In remanding for the opportunity for new first-stage proceedings, we are cognizant of the time constraints of the Act. See 725 ILCS 5/122-1(c) (West 2022). If the timing restrictions of section 122-1(c) apply, any reasonable delay in a new first-stage petition will be due to postconviction counsel's actual conflict of interest and not to defendant's culpable negligence. See *People v. Rissley*, 206 Ill. 2d 403, 418-21 (2003) (explaining the definition of culpable negligence).

*People v. Janusz*, **2024 IL App (2d) 220348**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 14-CF-575; the Hon. Philip G. Montgomery, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and R. Christopher White, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and Max C. Boose, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |