2025 IL App (2d) 240050-U
No. 2-24-0050
Order filed February 13, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1497 |
| DARNELL WYNN, | ) ) | Honorable Elizabeth K. Flood, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Kennedy and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Because there is no arguable basis for appeal, we grant appellate counsel's motion to withdraw, and we affirm the trial court's dismissal of defendant's postconviction petition.

¶ 2   Defendant, Darnell Wynn, appeals from an order granting the State's motion to dismiss his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) for relief from his conviction of attempted first degree murder (720 ILCS 5/8-4(a), 9-1 (West 2014)). The Office of the State Appellate Defender (OSAD), appointed to represent him on appeal, has

moved to withdraw. For the reasons below, we grant the motion and affirm the dismissal of the petition.

¶ 3                                          I. BACKGROUND

¶ 4      On December 2, 2015, a Kane County grand jury returned an indictment charging defendant with a single count each of attempted first degree murder and aggravated battery (*id.* § 12-3.05(a)(1)). After a bench trial on January 17, 2017, the trial court found defendant guilty of both charges. On March 17, 2017, after determining that the aggravated battery conviction merged with the attempted first degree murder conviction, the court sentenced defendant to a 12-year prison term for attempted first degree murder, to be served at 85%. Defendant moved to reconsider his sentence. The court denied the motion, and defendant filed a timely notice of appeal. On April 5, 2019, we issued an order under Illinois Supreme Court Rule 23(b) (eff. Apr. 1, 2018), rejecting defendant's argument that the State failed to prove beyond a reasonable doubt that he intended to kill the victim. See *People v. Wynn*, 2019 IL App (2d) 170339-U, ¶ 34. Defendant did not file a motion to publish, a petition for rehearing, or a petition for leave to appeal to the supreme court.

¶ 5      On November 1, 2021, defendant filed a *pro se* petition under the Act. The trial court appointed the Kane County Public Defender to represent defendant in connection with the petition. On April 6, 2023, postconviction counsel filed an amended petition claiming that defendant was deprived of the effective assistance of counsel because trial counsel failed to clearly explain a plea offer from the State that would have resulted in a shorter prison term than defendant received after his trial.

¶ 6      In the petition, defendant also claimed that (1) the trial court erred by failing to make a proper inquiry into defendant's pretrial allegations of ineffective assistance of counsel and (2) appellate counsel's failure to raise that error amounted to ineffective assistance of counsel on

appeal. The State moved to dismiss the petition, arguing, *inter alia*, that it was untimely and that defendant had not shown that the failure to timely file the petition was not due to his culpable negligence. Thereafter, postconviction counsel further amended the petition to add the allegation that, "[a]t the time of the filing deadline[,] [defendant's correctional] facility had prisoners locked in their cells preventing [defendant] from accessing information on his own or with assistance." The amendment further alleged that "[t]he Covid Pandemic beginning March of 2020 further delayed the filing as the prison-imposed lock downs during the Pandemic made access to information, i.e., the law library, impossible. The petition was filed as soon as practicable."

¶ 7     Defendant submitted an affidavit, which read:

> "I was unable to file my post-conviction petition before November 10, 2019[,] because, first of all, I am not able to read & write very well & it was hard for me to find assistance. My spelling is also poor.
>
> Someone helped me to put this affidavit in writing.
>
> I only went to [h]igh [s]chool up to my [s]ophomore year, then quit.
>
> Another reason that I was not able to file before the deadline is the fact that when I was at the Pickneyville [*sic*] Correctional Center the librarian there was unwilling to be of assistance beyond making photo copies [*sic*], then I was transferred to Robinson [Correctional Facility] in the midst of the Covid pandemic.
>
> Prior to leaving Pickneyville [*sic*] we were locked in our cells nearly all of the time which made it very hard, or next to impossible, to do any legal work because I didn't have library access, then when I arrived at Robinson the librarian was also of little assistance & it took another inmate to explain the post-conviction process to me & since the covid lockdown was in place there was no access to the library & the librarian was just doing

photo-copies & bringing them around/picking them up sporatically [*sic*], so that is why my post-conviction [*sic*] was not filed before the deadline."

¶ 8     The trial court granted the State's motion to dismiss, reasoning that (1) defendant's petition was not timely filed and defendant failed to show that the delay was not due to his culpable negligence and (2) the petition failed to make a substantial showing of a violation of defendant's constitutional rights. This appeal followed, and OSAD was appointed to represent defendant.

¶ 9                                    II. ANALYSIS

¶ 10    OSAD counsel moves to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993). In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments about why those issues lack arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant has filed a response.

¶ 11    Counsel advises us that she considered arguing that, although the petition was untimely, that failure was not due to defendant's culpable negligence. Counsel also considered arguing that the petition was not subject to dismissal on the merits and that postconviction counsel did not provide defendant with reasonable assistance. However, counsel concluded that it would be frivolous to argue these points. We agree.

¶ 12    The following general principles guide our analysis:

"The Act [citation] provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. [Citation.] The Act provides a three-stage process for adjudicating postconviction petitions. [Citation.] At the

- 4 -

second stage, the State is allowed to file either a motion to dismiss or an answer to the petition, and the court determines whether the petitioner has made a substantial showing of a constitutional violation. [Citation.] If a postconviction petition is not filed within the limitations period, the Act requires the petitioner to allege facts showing the delay was not due to his or her culpable negligence. [Citation.] If the petitioner fails to allege lack of culpable negligence, the court must dismiss the petition as untimely upon the State's motion to dismiss." *People v. Carson*, 2024 IL App (1st) 221644, ¶ 16.

We review *de novo* a second-stage dismissal. *People v. Addison*, 2023 IL 127119, ¶ 17.

¶ 13 When defendant's petition was filed, section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2020)) provided, in pertinent part:

"When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."

¶ 14 In cases like this one, where the defendant appeals from his conviction but does not file a petition for leave to appeal to our supreme court, the date for filing a petition for *certiorari* is deemed to be the date on which a petition for leave to appeal to our supreme court would have been due. *People v. Johnson*, 2017 IL 120310, ¶ 24. Where neither a motion to publish nor a petition for rehearing is filed, a petition for leave to appeal from an order filed under Rule 23(b) is due 35 days after entry of the order. See Ill. S. Ct. R. 315(b) (eff. Oct. 1, 2019). Here, a petition

for leave to appeal would have been due in mid-May 2019 and defendant's postconviction petition was due in mid-November of that year.

¶ 15    Defendant's petition, which was not filed until November 1, 2021, was almost two years late.  To survive the State's motion to dismiss the petition as untimely, defendant was required to show that the delay was not due to his culpable negligence.  "[A] defendant asserting that he was not culpably negligent for the tardiness of his petition must support his assertion with allegations of specific fact showing why his tardiness should be excused."  *People v. Hobson*, 386 Ill. App. 3d 221, 233 (2008).  In his petition and accompanying affidavit, defendant contended that the delay was not due to his culpable negligence because (1) he did not complete high school and did not read or write well; (2) prison librarians could not or would not meaningfully assist him with his petition; and (3) lockdowns, including those related to the COVID-19 pandemic, limited his library access.  These circumstances do not excuse his failure to timely file the petition.

¶ 16    Regarding defendant's failure to complete high school and his claim of limited ability to read and write, we observed the following.  Without additional support, a claim of limited cognitive abilities and functional illiteracy is insufficient to establish that the failure to timely file a postconviction petition was not due to the defendant's culpable negligence.  *People v. Brown*, 2022 IL App (2d) 200721-U, ¶ 23-24[1] (citing cases and noting that "[c]ourts have found that neither mental illness nor illiteracy automatically excuses a defendant from filing a timely petition").  A defendant claiming lack of culpable negligence due to such mental limitations must allege *how* they prevented a timely filing.  *Id.* ¶ 24. Defendant has not done so here.  As to defendant's

___

[1]Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) provides that unpublished orders entered on or after January 1, 2021, "may be cited for persuasive purposes."

contention that he received no meaningful assistance from the librarians at his prisons, we are unaware of any authority stating that defendant was entitled to such assistance or that the failure to receive it negates culpable negligence.

¶ 17    We likewise find that defendant's allegation of lockdowns, including those related to the COVID-19 pandemic, do not excuse his untimely filing.  First, the COVID-19-related lockdowns defendant referenced are immaterial because his November 2019 deadline predated the pandemic, which began (as defendant himself acknowledged) in 2020.  Second, to the extent that defendant referenced *pre*-pandemic lockdowns, he failed to specify how they impacted his preparation.  His only attempt to provide a time frame for those lockdowns was his allegation that his prison was in lockdown when his petition was due, but that did not explain why he filed his petition nearly two years after it was due.  See *People v. Van Hee*, 305 Ill. App. 3d 333, 337 (1999) (reference to a lockdown without including its specific dates was insufficient to exclude culpability for the delay).  Because defendant's petition was properly dismissed as untimely, it would be futile to argue on appeal that the petition made a substantial showing of a constitutional violation.

¶ 18    Finally, we consider whether there is any potentially meritorious basis for arguing that defendant did not receive reasonable assistance from postconviction counsel.  There is no constitutional right to the assistance of counsel in a postconviction proceeding.  *People v. Janusz*, 2024 IL App (2d) 220348, ¶ 22.  Postconviction petitioners are entitled only to the level of assistance the Act provides.  *Id.*  "Illinois courts have long held that defendants are entitled to the reasonable assistance of postconviction counsel at the second and third stages of postconviction proceedings."  *Id.*

¶ 19    Illinois Supreme Court Rule 651(c) (eff. Jul. 1, 2017) governs appeals in postconviction cases and provides:

> "The record filed in [the reviewing] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

It is well established that, "[w]hen counsel files a Rule 651(c) certificate, a rebuttable presumption arises that counsel provided reasonable assistance." *People v. Blake*, 2022 IL App (2d) 210154, ¶ 14. Here, postconviction counsel filed a certificate in compliance with this rule, and we find nothing in the record to rebut the presumption that postconviction counsel provided reasonable assistance. Accordingly, there is no potentially meritorious basis for challenging the adequacy of postconviction counsel's assistance.

¶ 20     In his response, defendant reiterates that the prisons where he was held were on lockdown, leaving him without access to the libraries and precluding him from filing his "papper [*sic*] work" on time. For the reasons discussed, however, defendant's petition did not establish that his late filing was not due to his culpable negligence. Defendant also argues that trial counsel did not represent him properly. However, because defendant's petition was properly dismissed as untimely, we do not consider whether he adequately alleged that trial counsel performed deficiently.

¶ 21     After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Kane County.

¶ 22                                 III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.