2026 IL App (2d) 250408-U
No. 2-25-0408
Order filed June 2, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. COURTNEY T. STEPHENS, Defendant-Appellant.

Appeal from the Circuit Court of McHenry County.
Honorable Tiffany E. Davis, Judge, Presiding.
No. 20-CF-991

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices McLaren and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Having found no arguably meritorious issue for appeal, we permit the appellate defender to withdraw, and we affirm the trial court's judgment.

¶ 2   Defendant, Courtney T. Stephens, appeals from an order of the circuit court of McHenry County summarily dismissing his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) seeking relief from his conviction of two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(4) (West 2020)). The Office of the State Appellate Defender was appointed to represent defendant, but counsel assigned to the case now moves to withdraw, contending that there are no arguably meritorious issues to raise on appeal. We agree, allow counsel to withdraw, and affirm the dismissal.

¶ 3                               I. BACKGROUND

¶ 4    Following defendant's arrest, the McHenry County Probation and Court Services Department filed a pretrial services bond report, which indicated that defendant suffered from no psychiatric disorders. The same agency subsequently prepared a pretrial bond supervision evaluation, which indicated that defendant reported that he had never been diagnosed with any mental health disorders. At a bond hearing, the prosecutor described the investigation leading to the charges against defendant, noting that law enforcement authorities obtained and executed warrants to search defendant's residence and his phone.

¶ 5    On March 31, 2022, defendant, who was represented by the McHenry County Public Defender's office, entered a negotiated guilty plea. In accordance with his agreement with the State, defendant was sentenced to consecutive 16-year prison terms and the State dismissed numerous charges. Before accepting defendant's plea, the trial court thoroughly admonished him in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). Defendant acknowledged that he understood the admonitions and the court determined that defendant entered his plea voluntarily with knowledge of the rights he was relinquishing by doing so. Defendant neither moved to withdraw his plea nor filed a notice of appeal.

¶ 6    On April 22, 2025, defendant filed proof of service of his *pro se* postconviction petition and a request for appointed counsel and to proceed *in forma pauperis*. Although the proof of service referred to an "attached" postconviction petition, no petition was attached nor had defendant filed one earlier. On April 25, 2025, the trial court struck the matter from the call at the prosecutor's request. Defendant ultimately filed his petition on June 10, 2025. In it he alleged that he did not receive the effective assistance of counsel because his attorney did not "follow[] up on psychological screenings that showed mental disorder and on family and social history of trauma and abuse which describe [*sic*] and detail the mental illness as possible contributors to the acts in

question" and failed to "investigate alleged factors and elements that lead [*sic*] to the arrest, dispite [*sic*] [counsel's] doubt and questions and [defendant's] promting [*sic*] and desire to scrutinize *** the validity or lack there of [*sic*] in regards to the warrant for the search of [defendant's] residence *** and its execution." . Defendant further alleged that counsel was unavailable to answer his questions and that "nothing was really made clear to [defendant] of the process or the proceeding out side [*sic*] the fact that [counsel] recommended [defendant] do as he suggested and remain quiet unless asked or told to speak."

¶ 7 The petition also cited legislation amending section 2-1401(b)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(b)(5) (West Supp. 2025)). That provision permits an offender convicted of a forcible felony to seek collateral relief from his or her sentence based on evidence that the offender had previously been a victim of domestic violence or gender-based violence. The amendatory legislation made clear that the remedy is available in cases where the offender entered a negotiated guilty plea. 103d Gen. Assem., Senate Bill 3285, 2024 Sess. (enacted as Pub. Act 103-403 (eff. Jan. 1, 2025)). The trial court dismissed the petition on August 29, 2025. Defendant filed a timely notice of appeal.

¶ 8 Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), appellate counsel moves to withdraw. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant he had 30 days to respond to the motion. Defendant did not file a response and the time for doing so has lapsed.

¶ 9 II. ANALYSIS

¶ 10    Appellate counsel advises us that he considered whether to raise the following issues on appeal: (1) whether the summary dismissal of the petition was procedurally improper and (2) whether defendant's petition was sufficient to avoid summary dismissal. Counsel concluded that neither issue was arguably meritorious. We agree.

¶ 11    The Act "provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in [his or her] original trial or sentencing hearing." *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). Proceedings under the Act are divided into three stages. *People v. Janusz*, 2024 IL App (2d) 220348, ¶ 21. At the first stage, the trial court will summarily dismiss a petition if it is frivolous or patently without merit, *i.e.* if it has no arguable basis in fact or law. *Id.* Section 122-2 of the Act (725 ILCS 5/122-2 (West 2024)) provides that a petition seeking relief "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." The failure to comply with this requirement is grounds for summary dismissal of the petition. *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008). Moreover, "[i]ssues that were raised and decided on direct appeal are barred by the doctrine of *res judicata*, and issues that could have been presented on direct appeal, but were not, are forfeited." *People v. Turner*, 2012 IL App (2d) 100819, ¶ 51. Forfeited claims and those barred by *res judicata* are considered frivolous or patently without merit. *People v. Blair*, 215 Ill. 2d 427, 445 (2005).

¶ 12    Turning to the merits of the motion to withdraw, we agree with counsel that there is no arguably meritorious basis for a procedural challenge to the order dismissing the petition. The procedural constraints on summary dismissal of a postconviction petition are that it must occur within 90 days of the date the petition was filed (725 ILCS 5/122-21(a)(2) (West 2024)) and the determination to summarily dismiss the petition must be made without input from the State (*People*

*v. Gaultney*, 174 Ill. 2d 410, 419 (1996)). Here, the petition was filed on June 10, 2025. The August 29, 2025, summary dismissal order was entered within the 90-day period. Moreover, although the State requested that the case be stricken from the call at a point when defendant sought appointment of counsel but no petition was on file, the State had no input into the decision to summarily dismiss the petition that defendant subsequently filed.

¶ 13    We also agree with counsel that there is no arguably meritorious basis for a substantive challenge to the summary dismissal order. As noted, defendant's petition claimed that he was deprived of the effective assistance of counsel by his attorney's failure to: (1) "follow up" on psychological screenings showing that mental disorders or a history of family trauma or abuse contributed to the offense; (2) investigate factors leading to defendant's arrest, including a search warrant that (according to defendant) may have been invalid or improperly executed; and (3) make the proceedings "clear" to defendant. Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." To avoid summary dismissal, a postconviction petition raising a claim of ineffective assistance of counsel must show that "(1) counsel's performance arguably fell below an objective standard of reasonableness and (2) the petitioner was arguably prejudiced by the deficient performance." *People v. Hatter*, 2021 IL 125981, ¶ 25.

¶ 14    Where a defendant's conviction rests on a guilty plea, the existence of prejudice hinges on whether "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Id.*, ¶ 26.

Here, defendant's petition is insufficient to show that anything trial counsel did or did not do was even arguably prejudicial. The decision whether to enter a negotiated guilty plea ordinarily entails assessing the chance of achieving a better outcome—acquittal or a less severe sentence—by going to trial. Defendant's claim that counsel should have "follow[ed] up" on "psychological screenings" fails because it is unsupported by any affidavit or other evidence that psychological screenings were ever performed, let alone that they revealed any information that called for any follow-up. Even if defendant had provided evidence to support the allegation, defendant has not alleged any facts showing that following up on such screening would have revealed any information bearing on the decision to enter a negotiated plea. Likewise, there is no basis for determining whether an investigation into factors leading to defendant's arrest or the propriety of the searches that were conducted would been beneficial to the defense.

¶ 15    Defendant's claim that trial counsel did not make the proceedings clear to him also falls short. The trial court properly admonished defendant regarding his plea and determined that the plea was knowing and voluntary. See Ill. S. Ct. R. 402(a), (b) (eff. July 1, 2012). To argue that defendant was unclear about the proceedings would amount to challenging the determination that his plea was knowing and voluntary. However, the trial court's admonishments foreclose such a challenge. See *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993) (record showing that admonishments under Rule 402(a) refuted the defendant's assertion that his plea was not knowing and voluntary).

¶ 16                                    III. CONCLUSION

¶ 17    For the reasons stated, we grant counsel's motion to withdraw, and we affirm the judgment of the circuit court of McHenry County.

¶ 18    Affirmed.